| Attorney Or Party Without Attorney (Name and Address): | Telephone: | FOR COURT USE ONLY |
|---|---|---|
| FRANK A. BOTTINI, ESQ. (175783)<br>JOHNSON BOTTINI, LLP<br>655 West Broadway, Suite 1400<br>San Diego, California 92101-3301 | (619) 230-0063 | |
| Attorneys for: PLAINTIFFS | Ref. No. Or File No.<br>W2495376 | |

Insert name of court, judicial district and branch court, if any:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Plaintiff:
MARY E. BARBOUR, etc., et al.

Defendant:
GREGORY L. REYES, et al. (BROCADE)

| | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| **POS BY MAIL** | | | | CV 08 2029 JSW |

At the time of service I was at least 18 years of age and not a party to this action.
On April 25, 2008, I served the within:

(1) VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT; (2) CIVIL CASE COVER SHEET (3) NOTICE OF RELATED CASES; (4) CERTIFICATE OF INTERESTED ENTITIES OR PERSONS; AND (5) SUMMONS.(6) ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES.

on the defendant in the within action by placing a true copy in a sealed envelope with postage fully prepaid for first class in the United States mail at San Francisco, California, addressed as follows:

> JOHN W. GERDELMAN
> 3025 Kitchums Close
> Williamsburg, Virginia 23185-7527

Person serving:
Scott Simons
**Wheels of Justice, Inc.**
657 Mission Street, Suite 502
San Francisco, California 94105
Phone: (415) 546-6000

a. Fee for service:
d. Registered California Process Server
  (1) Employee or independent contractor
  (2) Registration No.: 542
  (3) County: San Francisco

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 25, 2008        Signature: _____
                                          Scott Simons


Printed on recycled paper

Judicial Council form, rule 982(a) (23)

| Attorney Or Party Without Attorney (Name and Address) | Telephone: | FOR COURT USE ONLY |
|---|---|---|
| FRANK A. BOTTINI, ESQ. (175783)<br>JOHNSON BOTTINI, LLP<br>655 West Broadway, Suite 1400<br>San Diego, California 92101-3301 | (619) 230-0063 | |
| Attorneys for: PLAINTIFFS | Ref. No. Or File No.<br>W2495376 | |
| Insert name of court, judicial district and branch court, if any:<br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | | |
| Plaintiff:<br>MARY E. BARBOUR, etc., et al. | | |
| Defendant:<br>GREGORY L. REYES, et al. (BROCADE) | | |

| PROOF OF SERVICE | Date: | Time: | Dept/Div: | Case Number:<br>CV 08 2029 JSW |
|---|---|---|---|---|

I, Deborah Biggers, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned over the age of eighteen, and not a party to the within action;

I served the: (1) VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT; (2) CIVIL CASE COVER SHEET (3) NOTICE OF RELATED CASES; (4) CERTIFICATE OF INTERESTED ENTITIES OR PERSONS; AND (5) SUMMONS.(6) ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES.

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Defendant              : JOHN W. GERDELMAN

By Serving             : EMILY GERDELMAN, Family Member

Address                : 3025 Kitchums Close, Williamsburg, Virginia 23185-7527
Date & Time            : Thursday, April 24, 2008 @ 7:37 p.m.
Witness fees were      : Not applicable.

Person serving:
Deborah Biggers
**Wheels of Justice, Inc.**
657 Mission Street, Suite 502
San Francisco, California 94105
Phone: (415) 546-6000

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.:
   (3) County:
   (4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 25, 2008                Signature: /s/ Deborah Biggers
                                              Deborah Biggers



JE'KECIA K. RAGSDALE
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7127290
My Commission Expires Jan. 31, 2011

/s/ Je'kecia K. Ragsdale

AO 399 (Rev. 10/95)

[Clear Form]

## WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __John W. Gerdelman__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Barbour v. Reyes et al.__,
(CAPTION OF ACTION)

which is case number __CV-08-2029-JSW__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __May 2, 2008__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States, *or any such further time as the court might grant*

__5/13/08__    __Jonathan Richman__ (SIGNATURE)
(DATE)

Printed/Typed Name: Jonathan E. Richman

As __Attorney__ of __Brocade Communications__
(TITLE)                    (CORPORATE DEFENDANT)

*with permission from John Gerdelman to sign*

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.