JOHNSON BOTTINI, LLP
FRANK J. JOHNSON (174882)
frankj@johnsonbottini.com
FRANCIS A. BOTTINI, JR. (175783)
frankb@johnsonbottini.com
DEREK J. WILSON (250309)
derekw@johnsonbottini.com
655 W. Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile:  (619) 233-5535

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY E. BARBOUR AS TRUSTEE FOR THE MARY E. BARBOUR FAMILY TRUST ONE, Derivatively On Behalf of BROCADE COMMUNICATIONS SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY L. REYES, DAVID L. HOUSE, MICHAEL KLAYKO, RICHARD DERANLEAU, KUMAR MALAVALLI ANTONIO CANOVA, MICHAEL J. BYRD, STEPHANIE JENSEN, NEIL DEMPSEY, SANJAY VASWANI, L. WILLIAM KRAUSE, ROBERT R. WALKER, GLENN C. JONES, MICHAEL J. ROSE, SETH D. NEIMAN, NICHOLAS G. MOORE, CHRISTOPHER B. PAISLEY, WILLIAM K. O'BRIEN, LARRY SONSINI, MARK LESLIE, TYLER WALL, RENATO A. DIPENTIMA, JOHN W. GERDELMAN, KPMG, LLP, WILSON SONSINI GOODRICH & ROSATI, P.C. AND DOES 1-25, inclusive, <br><br> Defendants, <br><br> and <br><br> BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, | Case No.  C 08-02029 CRB <br><br> PLAINTIFF MARY E. BARBOUR'S  OBJECTIONS TO BROCADE'S [PROPOSED] ORDER SETTING SCHEDULE FOR SPECIAL LITIGATION COMMITTEE <br><br> Dept.:    8 |

1

2

            Nominal Defendant.

3        Plaintiff Mary E. Barbour submits the following objections to the [Proposed]

4 Order Setting Schedule for Special Litigation Committee, submitted by Nominal

5 Defendant Brocade Communications Systems, Inc. ("Brocade") on June 18, 2008.

6 Brocade did not send the proposed order to Plaintiff Barbour before submitting the

7 order to the Court, and Plaintiff Barbour objects to some portions of the order.[1]

8     I.    Proposed Schedule for Finalization of SLC's Conclusions

9        The Special Litigation Committee ("SLC") has stated that it will finalize its

10 conclusions and report by July 11, 2008.  That deadline, while contained in the

11 "whereas" clauses of the proposed order, is not part of the actual order.  Plaintiff

12 requests that it be included in the order.  In addition, Plaintiff also believes that the

13 SLC should be required to provide Plaintiff with a copy of its final report and the

14 identity of the 11 defendants on July 11, 2008 – the date the SLC has promised to

15 finalize its findings and report.  As indicated below, because Plaintiff is entitled to

16 challenge the findings of the SLC and its independence and good faith if Plaintiff

17 does not concur with the conclusions or the process employed by the SLC, it is

18 imperative that Plaintiff be promptly provided with the identity of the 11 defendants

19 and a copy of the SLC's report.   There is no reason for the SLC to delay providing

20 Plaintiff with its report after July 11, 2008, since the SLC has represented that its

21 report will be finalized on that date.  Any delay by the SLC in providing Plaintiff

22 with the report will only needlessly delay litigation of this action.

23 \ \ \

24 \ \ \

25 \ \ \

26

27

28

---

[1] The proposed order was signed by the Court the next day (June 19, 2008) while Plaintiff's counsel was in New York meeting with the SLC.  Plaintiff and Brocade subsequently had discussions in an attempt to resolve their differences regarding the proposed order but have been unable to resolve their differences.

**Plaintiff's  Objections to Proposed Schedule for SLC**
**C 08-02029 CRB**

II.    The SLC Should Not Be Allowed to File Any Complaint or Motions Until After Plaintiff Completes Any Challenge to the SLC

Brocade and its SLC have put the cart before the horse by including in the proposed order a schedule allowing Brocade and/or the SLC to file a complaint and a motion to dismiss the *Barbour* complaint on August 1, 2008.  The SLC stated at the last hearing that any motion to dismiss the *Barbour* complaint that it might file on August 1, 2008 would be based on demand futility grounds.  This should not be allowed since Brocade has no authority to seek dismissal of the *Barbour* complaint, as the formation of the SLC concedes demand futility.   As one Delaware court noted:

"Under the facts of this matter I feel that by divesting itself of any power to make a decision on the pending suit, and by adding a new and independent director and by designating him as a special Litigation Committee of one with the final and absolute authority to make the decision on behalf of the corporation, the incumbent board of directors, in effect, conceded that the circumstances alleged in the complaint justified the initiation of the suit by the plaintiff.  This is so because the incumbent board opted for the possible use of the new *Zapata* procedure and, as I read *Zapata*, that procedure necessarily presumes a suit properly initiated by a shareholder.

What the board of directors is purporting to do here, as I see it, is to delegate a final corporate decision as to the merits of suit to the Litigation Committee while attempting to reserve the right to raise technical and procedural defenses to itself.  I do not think that this should be permitted.  I feel that the board should be required to either fish or cut bait.  To do what it is attempting to do here is to avail itself of the *Zapata* decision so as to provide the corporation with two different sets of decision makers and two different sets of attorneys to represent [*374]  the interests of the corporation in the same case.  The *Zapata* decision portends of any number of new procedural complications at the trial level as it is.  Whenever the opportunity presents itself, I feel that the trend should be to attempt to minimize rather than to expand them."

*Abbey v. Computer & Communications Tech. Corp.,* 457 A.2d 368, 373-74 (Del. Ch. 1983).

Since Brocade has formed a SLC, it has conceded that demand on its board is futile.  Therefore, it cannot now attempt to dismiss the *Barbour* derivative case for an alleged lack of demand futility.

Moreover, Brocade should not be given an August 1, 2008 date to file a new or amended complaint since, prior to doing so, it will be Brocade's burden to

-3-

1    establish the absence of any genuine issue of material fact concerning the
2    independence, good faith, and investigation of the SLC.  The SLC is not entitled to
3    any presumption of good faith or independence – those are burdens of proof that the
4    SLC must establish if challenged by Plaintiff.  *In re Oracle Sec. Litig.*, 829 F.Supp.
5    1176, 1187 (N.D. Cal. 1993) ( "'The corporation should have the burden of proving
6    independence, good faith and a reasonable investigation, rather than presuming
7    independence, good faith and reasonableness. If the Court determines either that the
8    committee is not independent or has not shown reasonable bases for its conclusions,
9    or if the Court is not satisfied for other reasons relating to the process, including but
10   not limited to the good faith of the committee, the Court shall deny the
11   corporation's motion.'"  *Id.* (quoting *Zapata*, 430 A.2d 779, 788-89 (Del. 1981)).

12   The procedure for challenging the procedures utilized and conclusions
13   reached by a SLC was also noted by the Delaware Chancery Court in an opinion
14   last month denying the SLC's motion to dismiss certain claims.  In *Sutherland v.*
15   *Sutherland*, 2008 Del. Ch. LEXIS 59, C.A. No. 2399-VCL (Del. Ch. May 29,
16   2008), Vice Chancellor Lamb reiterated the fact that "when a motion to dismiss is
17   based on the findings of a *Zapata* special litigation committee, the moving party
18   must shoulder a burden akin to summary judgment."  *Id.*, 2008 Del. Ch. LEXIS 59,
19   at *3.  The Court explained that:

20       "The SLC is not entitled to any presumptions of independence, good
21       faith, or reasonableness. Rather, the corporation has the burden of proof
         under Rule 56 standards, which require the corporation to establish the
22       absence of any material issue of fact and its entitlement to relief as a matter
23       of law. In addition, as the court in *Kaplan v. Wyatt* noted, the motion must be
         supported by a thorough record. It seems . . . that what the Committee did or
24       did not do, and the actual existence of the documents and the persons
25       purportedly examined by it,  **[*4]**  should constitute the factual record on
         which the decision as to the independence and good faith of the Committee,
26       and the adequacy of its investigation in light of the derivative charges made,
27       must be based. Each side has the opportunity to make a record on the motion.
28       If the court is satisfied with the SLC's independence and good faith, and the

-4-

reasonableness of its inquiry, the court may nonetheless exercise its own business judgment and deny the motion to dismiss."

*Id.*, 2008 Del. Ch. LEXIS 59, at *3-*4 (*quoting Sutherland v. Sutherland*, 2008 Del. Ch. LEXIS 49, 2008 WL 1932374, at *3 (Del. Ch. May 5, 2008).

Thus, prior to the time that Brocade could be allowed to file a new or amended complaint, it will bear the burden of proving that there is no material issue of fact regarding the SLC's independence, good faith, and deliberative process. As part of this process, Plaintiff will be entitled to discovery regarding the SLC. This will include document discovery and depositions of the SLC members. Plaintiff therefore requests that a Status Conference be set for July 18, 2008, at which time the Court and the parties can discuss setting dates regarding any anticipated challenge to the SLC. Dates for any potential challenge to the SLC should precede any action that the SLC desires to take.

A proposed order containing the schedule proposed by Plaintiff Barbour is submitted concurrently herewith.

Dated: June 27, 2008                    JOHNSON BOTTINI, LLP


                                        /s/ Francis A. Bottini, Jr.
                                        _____
                                           Francis A. Bottini, Jr.
                                        Attorneys For Plaintiff Mary E. Barbour

**Plaintiff's  Objections to Proposed Schedule for SLC**
**C 08-02029 CRB**