COOLEY GODWARD KRONISH LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
GRANT P. FONDO (181530) (gfondo@cooley.com)
JAMES M. PENNING (229727) (jpenning@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Nominal Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARY BARBOUR, etc.,

Plaintiff,

v.

GREGORY REYES, *et al.*,

Defendants.

Case No. C 08-02029 CRB

**SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT BY BROCADE COMMUNICATIONS SYSTEMS, INC.**

**DATE:**
**TIME:**
**DEPT.: 8**

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1.

SUPPLEMENTAL CASE MANAGEMENT STATEMENT
C 08-02029 CRB

On June 12, 2008, the Court held a Case Management Conference ("CMC") with Brocade Communications Systems, Inc. ("Brocade"), plaintiffs, and the individual defendants. At that time, the Special Litigation Committee's ("SLC") counsel, on behalf of Brocade, provided a status report and informed the Court of the SLC's ongoing course of action. In light of recent developments and consistent with the desire to keep the Court fully informed, the SLC submits an update as to the status of its investigation (Attachment 1) and a proposed scheduling order (Attachment 2).

Dated: July 29, 2008

COOLEY GODWARD KRONISH LLP

/s/
Grant P. Fondo

Attorneys For Nominal Defendant,
BROCADE COMMUNICATIONS SYSTEMS, INC.

777305 v1/PA

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

2.

SUPPLEMENTAL CASE MANAGEMENT STATEMENT
C 08-02029 CRB

# ATTACHMENT 1

DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1101 New York Avenue, NW
Suite 1100
Washington, DC 20005-4213

tel (202) 346-8000
fax (202) 346-8102

July 29, 2008

The Honorable Charles R. Breyer
United States District Judge
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102-3434

Re: *In re Brocade Communications Systems, Inc. Derivative Litigation*, Case No. C05-02233 CRB; *Barbour v. Reyes*, Case No. C-08-02029 CRB

Dear Judge Breyer:

On behalf of the Special Litigation Committee (the "SLC") of Brocade Communications Systems, Inc., we would like to update the Court about the SLC's activities since we last met with the Court on June 12, 2008. Since that time, the SLC has conferred with us on numerous occasions, has reviewed a draft of a lengthy proposed Complaint to be filed on behalf of Brocade, and has authorized us to file that Complaint against ten defendants.

Although the SLC is prepared to file its Complaint as promised on August 1, we also wish to advise the Court of developments that the SLC believes warrant a postponement of the filing date for the Complaint and the SLC's motions to dismiss or stay the pending derivative actions. As this letter will explain, certain prospective defendants have asked the SLC for a chance to engage in mediation *before* the SLC files its Complaint, and the SLC respectfully requests that the Court afford it an opportunity to do so. Because the current schedule requires the SLC to file its Complaint and motions by August 1, the SLC believed it should contact the Court in writing to request the relief sought in this letter and to explain its reasoning.

The SLC also respectfully requests that the Court defer responses to the Amended Complaint and the motion for partial summary judgment recently filed in the above-captioned *Barbour* case. In addition, the SLC suggests that the Court schedule another Case Management

NEW YORK | LONDON MULTINATIONAL PARTNERSHIP | WASHINGTON, DC
ALBANY | ALMATY | AUSTIN | BEIJING | BOSTON | BRUSSELS | CHARLOTTE | CHICAGO | DUBAI
FRANKFURT | HARTFORD | HONG KONG | HOUSTON | JACKSONVILLE | JOHANNESBURG (PTY) LTD. | LOS ANGELES
MILAN | MOSCOW | PARIS MULTINATIONAL PARTNERSHIP | RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | SILICON VALLEY | WARSAW

Conference ("CMC") on the afternoon of August 21, 2008 (if the Court is available), to consider further proceedings in the derivative actions.

The June 12, 2008 Case Management Conference

As the Court is aware, Brocade's Board of Directors created the SLC in February 2008 and delegated to it plenary authority to decide, on Brocade's behalf, whether to pursue or otherwise resolve the claims raised in the above-captioned actions and in the related state-court derivative action, *In re Brocade Communications Systems, Inc.*, Lead Case No. 1:05-CV-041683, pending in California Superior Court, County of Santa Clara. The SLC hired this firm as counsel to Brocade, reporting exclusively to the SLC.

We advised the Court at the June 12, 2008 CMC that the SLC had determined to pursue claims against 11 parties at this time. We further informed the Court that the SLC had decided not to provide an omnibus release to those parties as to whom it had determined not to pursue claims at this time, but instead to consider releases only on a party-by-party basis.

We also told the Court at the CMC (as well as in our June 9, 2008 letter) that the SLC wished to have a chance to communicate with the 11 prospective defendants before filing a Complaint against them. The SLC and its counsel had not been able to speak to a number of those defendants before the SLC adopted its Resolution, and the SLC believed that, in fairness to those defendants, it should give them an opportunity to tell the SLC why they believe the SLC should not file suit against them on behalf of Brocade.

Accordingly, the SLC asked the Court to allow it to send letters to the defendants by June 13, asking them to respond to the SLC by June 27. The SLC then proposed to file its Complaint and its motions to dismiss, stay, or assume control of the derivative litigation by August 1. The SLC also said it would use the intervening period of time to meet with plaintiffs' counsel in the federal and state derivative actions to determine whether they could play any future role in the SLC's action.

The Court agreed that the SLC's suggested process was appropriate. The Court observed that "I'm always concerned about the disclosure of . . . individuals who, for one reason or another, a plaintiff has decided *not* to pursue. You know, it seems like – sort of unfair." [6/12/08 Tr. at 30 (emphasis added)] The Court also agreed that the SLC's timetable for sending the letters, considering the prospective defendants' responses, and filing a Complaint and any related motions was appropriate. The Court entered an Order setting out the SLC's requested schedule on June 18, 2008.

Events Since the June 12 Case Management Conference

In accordance with the SLC's commitment to the Court, we sent letters on behalf of the SLC to all 11 prospective defendants on June 13, and we received numerous responses. We also had follow-up conversations on behalf of the SLC with various defendants' counsel. The SLC considered all of the defendants' responses and other relevant information, and it directed us to prepare a Complaint for filing on August 1. The Complaint will be ready for filing on that date, as the SLC promised.

In considering the draft Complaint, the SLC decided to eliminate one prospective party whom the SLC originally had resolved to sue. Discussions with that party's counsel revealed that the party had no money to pay any judgment that might be entered and that the party would be willing to cooperate with the SLC by providing full and accurate testimony about the party's knowledge of the relevant events. Based on this information, the SLC resolved that pursuing a claim against that party would not be in Brocade's best interests. The SLC's Complaint therefore will include ten, not 11, defendants.

The SLC also spent a substantial amount of time meeting with plaintiffs' counsel in the various derivative actions. On the SLC's behalf, we entered into discussions with counsel in the *Barbour* action and the state derivative action about the terms of an engagement letter between those attorneys and Brocade (acting through the SLC), but we were unable to reach an agreement. We also engaged in discussions with plaintiffs' counsel in the consolidated federal derivative action about their clients' continuing role in the case, and we are cautiously optimistic that those talks might prove more fruitful than did the negotiations with counsel in the *Barbour* and the state derivative actions.

Although the SLC will be prepared to proceed on August 1 in accordance with its commitment and the Court's June 18 Order, three of the prospective defendants who responded to our June 13 letters asked for the opportunity to participate in mediation proceedings *before* the SLC files its Complaint. We understand from our discussions with counsel that other prospective defendants also would be interested in participating in a pre-filing mediation if it could be scheduled.

The SLC would like to accommodate any prospective defendants' interest in mediating as many of the potential claims as possible before another round of hotly contested and expensive litigation begins. As the Court well knows, Brocade's present and former directors, officers, and employees have caused the company to advance tens of millions of dollars in defense costs to date, and the SLC is eager to do whatever it can to stanch as much additional bleeding as possible. If some claims might be easier to resolve before the Complaint is filed than after the Complaint is filed, the SLC is willing to work hard to do so. The SLC also is cognizant of the Court's comments at the CMC about disclosing names of prospective defendants who ultimately are not sued.

Several of the prospective defendants who requested pre-filing mediation suggested asking retired District Judges Layn Phillips and Charles Renfrew to serve as mediators. As the Court probably knows, Judges Phillips and Renfrew successfully mediated the recently settled securities class action against Brocade.

We realize that Judges Phillips and Renfrew have busy schedules and that August is a difficult month to bring large groups of people together. But we also know that the Court wants the derivative litigation to proceed expeditiously, and the SLC does as well. We therefore felt we had no choice but to reserve the few available dates on the Judges' calendars as soon as possible.

Judge Phillips is available to meet with the parties on August 12 and 13, and Judge Renfrew is available on August 19, 20, and 21. We have not yet had a chance to contact the prospective defendants about those dates, but we will do so immediately if the Court permits the SLC to proceed with pre-filing mediation.

If the pre-filing mediation were to occur, we would contemplate inviting one or more groups of prospective defendants with certain common interests to the first set of mediation sessions, and other groups of prospective defendants to the second set of sessions. We would give the prospective defendants copies of the Complaint pursuant to a confidentiality agreement, to make the mediation more meaningful. The SLC has agreed to hold these sessions at Brocade's expense.

We understand the difficulties of scheduling these types of sessions at this time of year, and the SLC sincerely regrets having to disrupt the parties' August schedules on such short notice. However, the SLC believes it needs to do so under the circumstances of these cases.

The prospective defendants are represented mostly by large law firms, and we hope that defense counsel will be able to send someone to those sessions even if particular attorneys at those firms are not available on those dates. The SLC also hopes that the prospective defendants themselves will be present at the mediations, and the SLC expects that at least one of its members will attend each session as well. To accommodate the prospective defendants, the SLC would be willing to arrange for video or audio conferencing for people who might be away on holidays.

Accordingly, the SLC respectfully requests that the Court grant the SLC an additional four weeks to conduct the pre-filing mediations and that the Court not require the SLC to file its Complaint on August 1. As we noted above, the Complaint will be finished by August 1 and will be ready for filing if necessary, but the SLC believes that Brocade's interests would best be served by deferring the filing date until August 29, to give the parties a chance to participate in the pre-filing mediation. (We would be prepared to provide a copy of the Complaint to the Court for *in camera* review on August 1, if necessary.)

The SLC also respectfully requests that the Court defer until August 29 the deadline for the SLC to file its motions to dismiss or stay the derivative litigation. Those motions are integrally related to the SLC's Complaint, and they also could be affected by the outcome of the pre-filing mediation. Accordingly, the SLC believes that the Complaint and the motions should be filed together, on August 29.

The SLC suggests that the Court might wish to hold a CMC after the mediation, so we can apprise the Court of any developments. If the mediations proceed on the schedule noted above, we would request that the parties be permitted to appear before the Court in the late afternoon of August 21, 2008, after the last session of mediation with Judge Renfrew.

Developments in the *Barbour* Case

Another recent development since the June 12 CMC is the filing of an Amended Complaint in the above-captioned *Barbour* action. The Amended Complaint asserts several new factual allegations and claims, and it adds another defendant (Brocade's former Controller, Robert Bossi). In addition, the *Barbour* plaintiff filed a motion seeking partial summary judgment against Greg Reyes on the plaintiff's claim for declaratory relief concerning indemnification and fee-advancement issues.

Based on the Court's prior ruling in the *Barbour* case, Brocade does not believe that any response to the Amended Complaint is due at this time. The Court ruled at the April 25, 2008 CMC that the parties should "hold off on responses" to the original *Barbour* Complaint, and the parties have done so. The Court has not revised that ruling, and no defendant has yet filed a response to the original Complaint.

Under Fed. R. Civ. P. 15(a)(3), the time to respond to an amended complaint is the *later* of "the time remaining to respond to the original pleading" or ten business days after service of the amended pleading. Inasmuch as the time to respond to the original Complaint has not yet begun, no response to the Amended Complaint is yet due under Rule 15(a)(3).

Perhaps more importantly, however, the SLC respectfully submits that requiring 27 defendants (counting Brocade) to start incurring attorneys' fees and expenses to respond to the Amended Complaint would make no sense unless and until the Court determines that the *Barbour* plaintiff – rather than the SLC – should be allowed to continue asserting claims on Brocade's behalf. Thus, no one should have to respond to the Amended Complaint until the Court rules on the SLC's motion to dismiss or stay the *Barbour* case.

If the Court requires the 27 defendants to respond to the Amended Complaint, 25 of them (including Brocade) probably will be looking to Brocade to pay (or at least advance) their legal fees and expenses. The Court should spare Brocade from this additional burden unless and until the Court determines that any such responses are necessary.

Indeed, the SLC cannot help noting that, if the *Barbour* plaintiff really were seeking to advance Brocade's best interests, she would not have authorized her counsel to file an Amended Complaint at this time. The amended pleading currently serves no purpose except to impose additional, substantial, and potentially unnecessary expenses on Brocade.

The same considerations apply to the *Barbour* plaintiff's motion for partial summary judgment against Reyes. Reyes will incur additional attorneys' fees and expenses in responding to that motion, and he undoubtedly will ask Brocade to advance those fees and expenses to him. The Court should not require Brocade to bear those expenses unless the Court ultimately concludes that the *Barbour* plaintiff – not the SLC – should pursue Brocade's claims against Reyes. Once again, the *Barbour* plaintiff has engaged in litigation tactics that serve no current purpose except to impose greater financial burdens on Brocade – the entity whose interests she supposedly seeks to protect.

Accordingly, the SLC respectfully asks the Court to defer all responses to the *Barbour* Amended Complaint and the motion for partial summary judgment against Reyes until 30 days after the Court rules on the SLC's motion to dismiss or stay the *Barbour* case. If the Court ultimately grants the SLC's motion, the parties and the Court can decide at that time whether any responses to pleadings or motions in the *Barbour* case are necessary at all.

The SLC respectfully suggests that the Court might wish to address scheduling issues relating to the *Barbour* Amended Complaint and the motion for partial summary judgment at the proposed Case Management Conference.

We have enclosed for the Court's consideration two proposed draft Scheduling Orders (one for the consolidated action, another for the *Barbour* case) that reflect the schedule articulated in this letter.

* * * *

We thank the Court for its consideration of these important issues. We are, of course, available to discuss the SLC's proposals with the Court.

Respectfully,

Ralph Ferrara

Ralph C. Ferrara

Enclosures

cc: All counsel of record

# ATTACHMENT 2

COOLEY GODWARD KRONISH LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
GRANT P. FONDO (181530) (gfondo@cooley.com)
JAMES M. PENNING (229727) (jpenning@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Nominal Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**MARY BARBOUR, etc.,**

**Plaintiff,**

**v.**

**GREGORY REYES, *et al.*,**

**Defendants.**

**Case No. C 08-02029 CRB**

**[PROPOSED] ORDER SETTING SCHEDULE FOR SPECIAL LITIGATION COMMITTEE**

WHEREAS, on June 18, 2008, the Court issued a Scheduling Order in the above-captioned action directing the Special Litigation Committee (the "SLC") of the Board of Directors of nominal defendant Brocade Communications Systems, Inc. ("Brocade") to file any amended Complaint it wishes to present to the Court, as well as any motions to dismiss or stay this action, on or before August 1, 2008; and

WHEREAS the Court has been informed that the SLC is prepared to file its amended Complaint in the related consolidated derivative action captioned *In re Brocade Communications Systems, Inc. Derivative Litigation*, No. C 05-02233 CRB, and to move to dismiss or stay the above-captioned action by August 1, 2008, but that three prospective defendants in the SLC's amended Complaint have asked the SLC for the opportunity to engage in mediation before the

SLC files its amended Complaint, and other prospective defendants also would be interested in participating in pre-filing mediation; and

WHEREAS the SLC has informed the Court that it has been able to schedule two sets of mediation sessions in August 2008 to accommodate any prospective defendants who wish to participate in pre-filing mediation; and

WHEREAS the SLC believes that its anticipated motions to dismiss or stay this action and the other derivative actions should accompany the filing of the amended Complaint, because the motions are integrally related to the amended Complaint; and

WHEREAS plaintiff has filed an Amended Complaint in this action as well as a motion for partial summary judgment against defendant Gregory Reyes;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The date for the SLC to file any amended Complaint it wishes to present to the Court, as well as any motion to dismiss or stay the above-captioned action, is hereby adjourned to August 29, 2008.

2. The SLC shall pursue its proposal to engage in pre-filing mediation with any interested prospective defendants before August 29, 2008.

3. No response to the Amended Complaint or the motion for partial summary judgment in this action need be filed until 30 days after the Court rules on any motion to dismiss or stay that the SLC shall file on August 29, 2008. The Court asks all defendants to use their best efforts to avoid incurring attorneys' fees and expenses in connection with any such responses before the Court rules on the SLC's anticipated motion.

4. The due date for Brocade to file any motion under N.D. Cal. Civ. L.R. 79-5(d) seeking an Order requiring some or all of the confidential materials cited in the Amended Complaint to be filed under seal is adjourned until August 29, 2008.

5. The parties shall report to the Court for a further Case Management Conference on August 21, 2008, at ____ p.m.

SO ORDERED this ___ day of ___________, 2008.

_______________________________________
The Honorable Charles R. Breyer
United States District Judge

777311 v1/PA

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

3.

[PROPOSED] ORDER SETTING SCHEDULE FOR SPECIAL LITIGATION COMMITTEE
C 08-02029 CRB