1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY E. BARBOUR AS TRUSTEE FOR THE MARY E. BARBOUR FAMILY TRUST ONE, Derivatively On Behalf of BROCADE COMMUNICATIONS SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>GREGORY L. REYES, DAVID L. HOUSE, MICHAEL KLAYKO, RICHARD DERANLEAU, KUMAR MALAVALLI ANTONIO CANOVA, MICHAEL J. BYRD, STEPHANIE JENSEN, NEIL DEMPSEY, SANJAY VASWANI, L. WILLIAM KRAUSE, ROBERT R. WALKER, GLENN C. JONES, MICHAEL J. ROSE, SETH D. NEIMAN, NICHOLAS G. MOORE, CHRISTOPHER B. PAISLEY, WILLIAM K. O'BRIEN, LARRY SONSINI, MARK LESLIE, TYLER WALL, RENATO A. DIPENTIMA, JOHN W. GERDELMAN, KPMG, LLP, WILSON SONSINI GOODRICH & ROSATI, P.C. AND DOES 1-25, inclusive,<br><br>    Defendants,<br>    and<br><br>BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation,<br><br>    Nominal Defendant. | Case No.  C 08-02029 CRB<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO LODGE PORTIONS OF AMENDED COMPLAINT UNDER SEAL<br><br>Dept.:    8 |

1    WHEREAS, Plaintiff Mary E. Barbour filed an Amended Complaint on July 21, 2008;

    WHEREAS, because the Amended Complaint contains information obtained from documents which one or more defendants have designated as confidential, Plaintiff Barbour filed an Administrative Motion to Lodge a Portion of Amended Complaint Under Seal pursuant to L.R. 7-11 and L.R. 79-5 on July 21, 2008.

    Good cause appearing, IT IS ORDERED AS FOLLOWS:

1. Plaintiff's Administrative Motion is GRANTED.

2. Any party that wishes for the redacted allegations in the Amended Complaint to be sealed must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.  N.D. Cal. Civ. L.R. 79-5(d).  Such a declaration must provide a "particularized showing" of "good cause" for sealing redacted allegations, and if such allegations later become used in a dispositive motion, the party seeking to keep them sealed must show a "compelling reason" to do so. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  *See also Reilly v. MediaNews Group, Inc.*, No. C 06-04332 SI, 2007 WL 196682, at *4 (N.D. Cal. Jan. 24, 2007) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted....") (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d

-2-    Proposed Order re Admin. Mtn to Lodge Portion of Amended Complaint Under Seal
C 08-02029 CRB

1206, 1211 (9th Cir. 2002).

3. If a party that seeks to protect the redacted allegations from public disclosure fails to file a declaration within five days, then the unredacted Amended Complaint will be made part of the public record.

IT IS SO ORDERED.

Dated: July 31, 2008



THE HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE