The Honorable Charles R. Breyer
United States District Court Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue 16th Floor
San Francisco, California 94102

Filed
RECEIVED

AUG 1 4 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

Mary E. Barbour Family Trust One
P.O. Box 26036
Phoenix, AZ 85068-6036

Re: In re Brocade Communications Systems, Inc. Derivative
Litigation Case No. C-05-2233 CRB:
**Barbour vs. Reyes. Case No. C-08-2029**

**Dear Your Honor**

**I would like to petition the court too listen to what I have to say regarding the cases above. As I am the Trustier, of the Mary E. Barbour Family Trust One.**

**I know you are going to find this highly un-ethical but if you look at the case of Barbour vs. Reyes you may better understand where this letter will lead too. I have been solicited by the law firm of Johnson and Bottini Attorneys At Law. As I have been a shareholder of Brocade stock since 8-27-2002 and as it appears I am the only plaintiff to come forward. As Mr. Francis A. Bottini, Jr. who is a partner with the firm stated that Brocade did not want to sue their former bosses.**

**And that they needed a shareholder to represent the company and for doing so the trust was going to be compensated and Mr. Bottini gave me several hypothetical figures.**

**I had planned on petitioning the court for a small percentage of the judgment or$28,000 or what ever figure that the court feels is appropriate.**

**But recently there has been a case that settled for $9.3 million in which Brocade was the plaintiff against one of the convicted defendant's in this case, former CEO Gregory Reyes and Human Relations Chief,**

Stephanie Jensen which are listed in the case above. So now Mr. Bottini wants to turn the case over to another law firm that has won judgments of this caliber in the past.

And Brocade only wants too take the case if they can drop us as the lead stockholder plaintiff and I told Mr. Bottini that I would be willing to turn to case over for $28,000 in stock which is 4000 shares at the price that it is trading at now. ($7.00) Which is 15% per year that I have held the stock, but that I only want the 4000 shares of Brocade for my own tax purposes, not cash.

Now Brocade wants too drop the trust off of the case for $10,000, to be the only plaintiff's on the case? If I do not take their offer Mr. Bottini is most likely not going to represent us any further in the case. I am a quadriplegic and the Trustee is 86 years old and there is no way for us too appear in court. Or too hire outside counsel as we do not have the funds. I feel there is a reason why Brocade wants too take us off of the case. I would think that Brocade should be able to too compensate us accordingly.

About a month ago I asked Mr. Bottini what percentage was his firm going to get from a lawsuit from 11 former executives of Brocade. His response was that in cases such as this they would petition the court for hypothetically 25%, well 25% of $200 million is $50 million.

Your Honor, I am not going to bore you with the details of the case regarding backdating of stock to former executives of the company. As well as all of the other charges that are against the former executives in the case. As you can look it up under the case numbers above. I have attached a summary of the case on the last page.

Last year the company made a purchase of another company for an undisclosed amount of money. Recently Brocade has also made a acquisition of a another company to the tune of $3 billion. Every time they have made acquisitions of these other companies there has been inside trading of officers that are receiving shares of Brocade for compensation in their contracts with the company. Which they sell these shares when the price is up and then when the Brocade makes an acquisition the price goes down. This could be construed as a matter of

- inside trading but I am not a lawyer nor am I trying to come across as one.

We just want it on record that we are the lead stockholder plaintiffs and that you may be petitioned to drop us as lead stockholder plaintiffs. I realize the company are the ones that were hurt the most in the case above but it is a stockholders that took the loss in the overall scandal. The majority of the stockholders were institutions as they hold 96% of the company's shares. But as Mr. Bottini brought it to my attention that these companies have sold off shares dating back as far as 2002, as write off's. So they have made their gains back threefold.

When we purchased the stock in 2002 the company was stating that they had a net worth of roughly $15 billion. And of course they were overstating the value of the company as well as its stock. The company that is in the lawsuit now is the former company and its directors and officers. The company with the new board of directors and all of its new officers are essentially a new company, with the same name.

Technically it was a stockholders between 2002 to 2005 that were the ones to lose the value of the stock. As the board of directors and its officers started to fall like dominoes starting in 2005. It was still the stockholders that were the ones to lose their value in the company. The company itself was able to continue to stay in business and did not lose two or 300 employees over the scandal. If the truth were to be told a lot of those employees that were involved in the backdating scandal are probably still employed with the company.

It was a good portion of my life savings at has been tied up as a stockholder in this company. That I have been holding for six years for a return on the initial investment. The company keeps stating that in their future price would be that of approximately $28.00 per share. Of course the scandal has held it back every time there is a news bulletin.

Your Honor, I would now like to take his time too thank you for your time in reading my letter and I hope that a message can be sent to the lawyers are not the only ones that can get a message to you.

Sincerely

**Michael Barbour of the Mary E. Barbour Family Trust One**

PS, if you are able to read this letter can you return the SASE, back that you have received this petition. And if you have any suggestions in order for us to move forward in this case?

**Scottrade**
P.O. Box 31759
St. Louis, MO 63131-0759

**FOR THE YEAR**
**2002**

**ACCOUNT: 16499441**                                                              **PAGE: 1**

## SUPPLEMENTAL INFORMATION

THIS SUPPLEMENTAL INFORMATION IS PROVIDED AS A CONVENIENCE TO ASSIST YOU IN PREPARING YOUR TAX FILING. *** IT IS NOT BEING REPORTED TO THE INTERNAL REVENUE SERVICE. ***

### NON-REPORTABLE ACTIVITY

| CUSIP | DATE | QUANTITY | SYMBOL | DESCRIPTION | AMOUNT |
|---|---|---|---|---|---|
| **MARGIN INTEREST CHARGED** | | | | | |
| | 07/26/02 | | | DEBIT INTEREST  4 DAYS AVG BL | .86 |
| **TOTAL MARGIN INTEREST CHARGED** | | | | | .86 |
| **GROSS PURCHASES** | | | | | |
| 049513104 | 07/16/02 | 1000 | ATML | ATMEL CORP | 5,357.00 |
| 099849101 | 08/26/02 | 660 | BORL | BORLAND SOFTWARE CORP | 5,886.00 |
| 099849101 | 08/27/02 | 500 | BORL | BORLAND SOFTWARE CORP | 5,152.00 |
| 099849101 | 08/27/02 | 500 | BORL | BORLAND SOFTWARE CORP | 5,145.00 |
| 111621108 | 08/27/02 | 1000 | BRCD | BROCADE COMMUNICATION SYS | 15,416.00 |
| 48203R104 | 06/26/02 | 500 | JNPR | JUNIPER NETWORKS | 2,407.00 |
| 620076109 | 05/03/02 | 750 | MOT | MOTOROLA INCORPORATED | 11,084.50 |
| 620076109 | 06/20/02 | 750 | MOT | MOTOROLA INCORPORATED | 11,262.00 |
| 620076109 | 08/20/02 | 1000 | MOT | MOTOROLA INCORPORATED | 12,847.00 |
| 749121109 | 09/06/02 | 2000 | Q | QWEST COMMUNICATIONS | 6,407.00 |
| **TOTAL GROSS PURCHASES** | | | | | 80,963.50 |

*** END OF SUPPLEMENTAL INFORMATION ***

| | |
|---|---|
| 1 | JOHNSON BOTTINI, LLP |
| | FRANK J. JOHNSON (174882) |
| 2 | frankj@johnsonbottini.com |
| | FRANCIS A. BOTTINI, JR. (175783) |
| 3 | frankb@johnsonbottini.com |
| | 655 W. Broadway, Suite 1400 |
| 4 | San Diego, CA 92101 |
| | Telephone: (619) 230-0063 |
| 5 | Facsimile: (619) 233-5535 |
| 6 | Attorneys for Plaintiff |

7   UNITED STATES DISTRICT COURT

8   NORTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| 9 | MARY E. BARBOUR, AS TRUSTEE OF THE MARY E. BARBOUR FAMILY TRUST ONE, Derivatively On Behalf of BROCADE COMMUNICATIONS SYSTEMS, INC., | ) ) ) ) | Case No. |
| 10 | | ) | (Derivative Action) |
| 11 | | ) | |
| | | ) | VERIFIED SHAREHOLDER |
| 12 | Plaintiff, | ) | DERIVATIVE COMPLAINT FOR |
| | | ) | VIOLATIONS OF AND CONSPIRACY |
| | vs. | ) | TO VIOLATE THE RACKETEER |
| 13 | GREGORY L. REYES, DAVID L. HOUSE, MICHAEL KLAYKO, RICHARD DERANLEAU, JACK CUTHBERT, DAVID A. SMITH, PAUL R. BONDERSON, JR., KUMAR MALAVALLI, ANTONIO CANOVA, MICHAEL J. BYRD, STEPHANIE JENSEN, VICTOR M. RINKLE, CHARLES W. SMITH, PETER J. TARRANT, NEIL DEMPSEY, SANJAY VASWANI, L. WILLIAM KRAUSE, ROBERT R. WALKER, GLENN C. JONES, MICHAEL J. ROSE, SETH D. NEIMAN, NICHOLAS G. MOORE, | ) | INFLUENCED AND CORRUPT |
| | | ) | ORGANIZATIONS ACT; VIOLATIONS |
| 14 | | ) | OF SECTION 10B OF THE SECURITIES |
| | | ) | EXCHANGE ACT OF 1934; BREACHES |
| 15 | | ) | OF AND CONSPIRACY TO BREACH |
| | | ) | FIDUCIARY DUTY; FRAUD; UNJUST |
| 16 | | ) | ENRICHMENT; VIOLATIONS OF |
| | | ) | CALIFORNIA CORPORATIONS CODE |
| 17 | | ) | SECTIONS 25402 AND 25403; WASTE |
| | | ) | OF CORPORATE ASSETS; |
| 18 | | ) | DECLARATORY RELIEF; BREACH OF |
| | | ) | CONTRACT; PROFESSIONAL |
| 19 | | ) | NEGLIGENCE AND LEGAL & |
| | | ) | ACCOUNTING MALPRACTICE |
| 20 | | ) | |
| 21 | CHRISTOPHER B. PAISLEY, WILLIAM K. O'BRIEN, LARRY SONSINI, MARK LESLIE, TYLER WALL, RENATO A. DIPENTIMA, JOHN W. GERDELMAN, KPMG, WILSON SONSINI GOODRICH & ROSATI, and DOES 1-25, inclusive, | ) ) ) ) ) ) ) | |
| 22 | | | |
| 23 | | | |
| 24 | Defendants, | ) ) | |
| 25 | -and- | ) ) | |
| 26 | BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, | ) ) ) | |
| 27 | | ) | |
| 28 | Nominal Defendant. | ) ) | **DEMAND FOR JURY TRIAL** |

Mary E. Barbour Family Trust One
P.O. Box 26036
Phoenix, AZ 85068-6036

RETURN RECEIPT
REQUESTED

**CERTIFIED MAIL**

7008 0150 0001 1224 8111

The Honorable Charles R. Breyer
United States District Court Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue 16th Floor
San Francisco, California 94102

94102+3426 C004

U.S. POSTAGE PAID
PHOENIX, AZ
85020
AUG 11. 08
AMOUNT
$5.49
00035106-13

RECEIVED AUG 14 2008